**In the Matter of the TWENTY-FIRST JUDICIAL CIRCUIT.**

No. 65501.

Supreme Court of Missouri,
En Banc.

Nov. 22, 1983.

PER CURIAM.

This Court has had several requests, both formal and informal, to intervene in the dispute relating to the power, authority and method for removal of the Presiding Judge of the Twenty-First Judicial Circuit. We first ordered the Missouri Court of Appeals, Eastern District to hold hearings and resolve the matter. In spite of the findings of the court of appeals, we now have before us a petition in the nature of a declaratory judgment filed by Circuit Judge Robert G.J. Hoester who was elected to preside at a meeting of both the Circuit and Associate Circuit Judges called October 31, 1983, for the stated purpose of voting on the removal of Judge William Corrigan, the duly elected presiding judge of the Twenty-First Judicial Circuit. We have prior hereto issued this Court's order in the nature of a stop order directing Judge William Corrigan to serve as acting presiding judge pending further orders of this Court. Section 478.240.1, RSMo 1978. We now order the petition of Judge Hoester dismissed.

I

The petition filed by Judge Hoester contends (1) that he ruled that both circuit judges and associate circuit judges should be permitted to vote on the removal resolution; (2) that the portion of local rule 100.-1.1 which provided that the affirmative vote of twenty-two judges (two-thirds of all of the circuit and associate circuit judges) is required for removal was invalid for the reason that the rule had been made and adopted by the circuit judges to the exclusion of the associate circuit judges; (3) that the right of the associate judges to vote for and thereby to appoint the presiding judge carried with it the right to remove the presiding judge; (4) that a simple majority (17 of 33) was all that was required to effect removal; and (5) by a vote of eighteen to nine Presiding Judge Corrigan was removed. The petition then requested that we declare the rights of the parties by our approval of his, Judge Hoester's, findings and opinion.

II

The Missouri Constitution provides:

1. ... *The circuit judges of the circuit may make rules for the circuit* not inconsistent with the rules of the supreme court.

. . . .

3. *The circuit and associate circuit judges in each circuit shall select by secret ballot a circuit judge from their number to serve as presiding judge.* The presiding judge shall have general administrative authority over the court and its divisions.

Mo. Const. art. V, § 15.1, 3 (emphasis added).

Section 478.240.1, RSMo 1978, provides:

1. *The presiding judge of each circuit* which is provided by subsection 3 of section 15 of article V of the constitution *shall be selected for a two-year term.* Selection procedures may be provided by supreme court rule. Selection and removal procedures, not inconsistent with the rules of the supreme court, may be provided by local court rule. If a presiding judge is disqualified from acting as a judicial officer pursuant to the constitution, article 5, section 24, the circuit judges and associate circuit judges of the circuit shall select a circuit judge as presiding judge. If the circuit does not have an eligible judge to be elected presiding judge, then the chief justice of the supreme court may designate an acting presiding judge until a successor is chosen or until the disability of the presiding judge terminates.

(Emphasis added.) Judge Corrigan is nearing the end of the first year of his current two-year term.

■ "[W]hoever undertakes to remove ... (an officer) must be able to put his finger on the law authorizing such action." *State ex rel. Brokaw v. Board of Education of the City of St. Louis,* 171 S.W.2d 75, 83 (Mo.App.1943), and although the power of appointment may in many instances carry with it the implied power to remove, such is not the case where the officer appointed is appointed or elected to a specific term.

[T]he authority to remove is in no sense necessary in order to carry into effect the authority to appoint. Many officers throughout the State, having fixed statutory terms, have been appointed by the governor, or other appointive power, to fill vacancies, but the governor, or other appointive power, have no right to remove them either with or without cause.

*Brokaw* at 82.

Although the Missouri Constitution makes no provision for the removal of the presiding judge, § 478.240.1 contemplates three possible methods for removal. First, the Commission on Retirement, Removal and Discipline of Judges can recommend removal pursuant to Mo. Const. art. V, § 24 and Rule 2, Canons 1–7. No charges have been filed against Judge Corrigan with the Commission. Second, this Court can provide by rule a method for removing a presiding judge. We currently have no such rule. Third, a local court rule can provide a method for removing a presiding judge. Rule 100.1.1 constitutes such a rule. Some judges in the Twenty-First Judicial Circuit, including Judge Hoester, question the validity of this rule.

■ Rule 100.1.1 was adopted by the circuit judges of the Twenty-First Judicial Circuit on November 9, 1978. Constitutional Amendment No. 6, which created the position of associate circuit judge, did not become effective until January 2, 1979. If this alone is claimed to be a defect, the defect was cured when the same rule was readopted by the circuit judges on September 1, 1981, and again on April 22, 1983. It is also claimed that the rule is defective because the circuit judges, to the exclusion of the associate judges, adopted the rule. We believe this contention is contrary to the unambiguous words in Article V, § 15. That provision plainly provides that circuit judges alone may make the rules of court so long as the rules in no way contradict or limit the right of "The circuit and associate judges ... [to] select by secret ballot a circuit judge from their number to serve as a presiding judge." Mo. Const. art. V, § 15.3. The power of the circuit judges to make rules of court was recently recognized

in *In re Marriage of Bruske,* 656 S.W.2d 288 (Mo.App.1983).

That conclusion, by interpretation of § 478.245 above, is reached in the following manner. Subsection 3 of § 478.245 provides that local rules are to be adopted by a majority of the circuit judges. Subsection four of the same section provides that orders for centralized filing and assignment of cases heard by associate judges are to be adopted by a majority of the circuit and associate circuit judges. Within the confines of this section as to rules and orders, there is a sense of distinction between the judges who participate in rule making and those who vote on orders for administration of associate circuit court business. *Thus, construed in light of its various parts, the designation "the circuit judges of the circuit" who may adopt local rules refers only to circuit judges and not to associate judges.* *Bruske* at 293 (emphasis added). No questions herein raised affect the validity of Rule 100.1.1. Having received less than the required twenty-two votes, the motion for removal fails.

Judge William Corrigan is declared to be the duly elected presiding judge of the Twenty-First Judicial Circuit to serve for the balance of his elected two-year term or until otherwise removed in a manner consistent with this opinion. By this opinion our temporary order designating Judge William Corrigan as Acting Presiding Judge and our order directing the Missouri Court of Appeals, Eastern District to intervene in this matter, are rescinded by reason of having become moot.

The petition for declaratory relief is denied and dismissed.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN, BILLINGS and BLACKMAR, JJ., concur.

DONNELLY, J., concurs in result.