**STATE of Missouri, Respondent,**

v.

**Ronald GIVANCE, Appellant.**

No. 50224.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 20, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
June 19, 1986.

William J. Shaw, Public Defender, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DONALD L. MANFORD, Special Judge.

This is a direct appeal from a jury conviction for burglary, first degree, in violation of § 569.160, RSMo 1978, and indecent exposure, in violation of § 566.130, RSMo 1978. Judgment affirmed.

Appellant's sole point charges that the trial court erred to his prejudice and over his objection in trying him when the trial court did not have jurisdiction to try him.

Appellant presents no challenge to the substantive merits of the cause, therefore permitting a summary account of the pertinent facts.

On May 4, 1984, appellant agreed to cut the lawn of one Mrs. Suelflow of University City, Missouri. Appellant did not appear on that date. On May 7, 1984, Mrs. Suelflow was awakened by the sound of a lawnmower. She then heard pounding and the breaking of glass. She investigated and found appellant standing naked in her living room.

Subsequent investigation by police determined that appellant had entered her home through a glass door and screen door. When observed by Mrs. Suelflow, appellant exposed his genitals to her. Appellant testified on his own behalf. The evidence closed. The jury returned its verdict. Judgment and sentence were entered. This appeal followed the overruling of timely filed post-trial motions.

The record reveals that from the outset and prior to trial appellant challenged the jurisdiction of the court to try him. The issue of jurisdiction was initiated by the trial judge. So that it can be better understood that the trial judge initiated the question and so that appellant's position can be clarified, the following excerpt from the record reads:

Let's see. The complaint was filed on May the 7th. Let's see. There was a preliminary hearing held on May the 16th. Defendant was bound over on the felony. The felony information was filed on May the 16th. And a Count II, indecent exposure was filed on May 16th. And a Count III, property damage third degree. Indecent exposure being a Class A misdemeanor. Property damage being a Class B misdemeanor.

Thereafter, on January the 8th, 1985, the case was assigned by presiding judge to Division 34.

Okay. For the record, is there any objections with the assignment by the presiding judge in light of the potential argument that Judge Corrigan has no authority as presiding judge?

MR. WALKER [Public defender]: Yes, Your Honor, Defendant does object.

THE COURT: What's your objection?

MR. WALKER: We're objecting that this Court does not have the jurisdiction to try this case on the grounds that, although a properly elected and presiding—presiding judge may properly assign a case to an associate circuit court in his circuit for a felony trial, that the

present person, Judge Corrigan, was selected to a two-year term. By statute that term expires at the end of two years, and Judge Corrigan has not been properly re-elected as presiding judge. And, therefore, he's without—He's without the power to assign this case to this Court; and, therefore, this Court lacks the requisite jurisdiction.

THE COURT: Okay. Mr. Miller.

MR. MILLER [Prosecuting attorney]: Judge, I believe that his—Judge Corrigan's term has been extended by order of the Missouri Supreme Court. I think the Court has realized that the 21st Judicial Circuit cannot operate in a void, thus has taken this action. I think he is with power and jurisdiction to assign those cases to this Court, and the State has no objection to you hearing this matter.

THE COURT: Okay. Number one, there's been no order from the Supreme Court.

MR. MILLER: That was my understanding.

THE COURT: In any account—no. The facts of the case are that Judge Corrigan supported some rule changes that the associates said were unconstitutional and illegal and filed a lawsuit. There are 12 associates, and, I think, 12 circuit judges were the defendants therein. Thereafter, Judge Pratt, who was sent down to hear the case, ruled that the associates were right and that the election rules were invalid.

The defendants indicated they were going to appeal, and Judge Pratt entered an order finding all the rules illegal and unconstitutional but staying any election until the Supreme Court rule. Okay?

And in his stay order he also indicated that Judge Corrigan was to remain as presiding judge until such time as the Supreme Court acted.

There's some serious questions in my mind as to whether or not Judge Pratt had the authority to make that order. And in light of a case, and I don't remember the exact title, but the case is a Maryland Heights incorporation case, whereby similar type of thing—There was an election as to whether.—The dispute was whether or not this should be an election for the incorporation of Maryland Heights. In that case the court ruled that the election would continue. He was asked to stay the election; he refused to stay the election. It was my understanding it went both to the Court of Appeals and the Supreme Court as to whether or not there was any authority to stay the election pending, following a decision that the election should proceed, and what rule should be followed staying that election. It was a question as to whether that election should be stayed.

And the decision in the—I'm not sure if it was Mandamus or prohibition whatever it was—but the end was that both the Court of Appeals and the Supreme Court said there was no authority to stay the election.

In light of that, I think Judge Pratt's order is probably illegal. Okay?

Now, what I'm faced with is, I'm a defendant in that lawsuit. Okay. I mean a Plaintiff in that lawsuit. And I guess, even if Judge Pratt has entered an illegal order, I'm bound by that illegal order until such time as somebody changes that illegal order.

My personal feeling is that, when this case—If this case were to go up on that point, Mr. Walker's probably right and that it should be found that I don't have any jurisdiction. Okay. I think I'm in a *Catch 22* situation. I don't think—I either don't follow a statute or don't follow an order in a lawsuit that I'm a party to, and I think I have to follow that order even if I think that order is improper.

I think, what you may be doing is, you may be giving the Defendant a free ride. You may be in the situation where, if he pleads and goes to trial and is found not guilty, at that point in time I don't know how you're going to be raising the objection that there's no jurisdiction when you're now arguing that there is jurisdiction.

And, on the other hand, if he's found guilty, I think Mr. Walker may well get the thing set aside.

So, I think we're probably expending time and effort that may go down the tubes. But I'll hear the case because I'm not going to be said to say that I'm violating Judge Pratt's order in a case where I'm a party, even though I think—personally think the order's illegal. I think it probably contradicts that the ruling in the other case that I referred to, but I don't see my proceeding as jeopardizing the Defendant. I may be jeopardizing the State, but I don't see it jeopardizing the Defendant. If I thought it was jeopardizing the Defendant, I might look at it from a different point of view; but I think you may be giving him a free ride, Mark.

MR. MILLER: I understand, Judge.

THE COURT: Okay. So I'll hear the case; and if that was a motion you made, Mr. Walker, I'm going to overrule it.

MR. WALKER: Yes, Your Honor.

THE COURT: Okay. But I wanted to raise it so that, at least, it was on this record because there's been some discussion about it since the first of the year.

I think the statute clearly says that he's presiding judge for two years.

The foregoing not only depicts the issue now before this court, but it is an unequivocal statement of the position of the trial judge relative to the dispute within the Twenty-First Judicial Circuit.

For purposes herein, it is not necessary to recount the details involved in the Twenty-First Circuit dispute. For those interested in an account of those events, they are referred to in *In the Matter of the Twenty-First Judicial Circuit,* 659 S.W.2d 764 (Mo. banc 1983); *Gregory v. Corrigan,* 685 S.W.2d 840 (Mo. banc 1985), *Nolan v. Stussie,* 695 S.W.2d 869 (Mo. banc 1985), and *In re Rules of the Circuit Court for the Twenty-First Judicial Circuit,* 702 S.W.2d 457 (Mo. banc 1985).

Stated in the most simple terms, appellant asserts that the jurisdiction of an associate circuit judge is limited within Mo. Const. Article V, § 17 (as amended 1976), and §§ 478.225, 478.240, and 478.245, RSMo Supp.1985. He continues by stating that the constitution grants the jurisdiction previously granted to magistrate judges and associate circuit judges, and by other provisions permits the assignment of associate circuit judges to additional cases and classes of cases.

Referring to §§ 478.225, 478.240, and 478.245, appellant then asserts that the jurisdiction of associate circuit judges is limited by § 478.225 to preliminary matters regarding felony proceedings prior to the filing of the information, except as directed by § 478.240 and § 478.245. These sections read as follows:

**478.225 Associate circuit judges, cases and matters within their jurisdiction**

1. Each associate circuit judge who serves as the judge of the probate division of the circuit court may hear and determine all cases and matters within the probate division of the circuit court in the county for which he is an associate circuit judge.

2. Each associate circuit judge within the counties or city of St. Louis for which he is an associate circuit judge may hear and determine the following cases or classes of cases:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interests and costs, does not exceed five thousand dollars;

(2) All actions against any railroad company in this state, to recover damages for killing or injuring horses, mules, cattle or other animals within their respective counties, without regard to the value of such animals, or the amount claimed for killing or injuring the same;

(3) All cases of misdemeanor or infraction, except as otherwise provided by law;

(4) Felony cases prior to the filing of the information;

(5) Municipal ordinance violation cases of a municipality with a population of under four hundred thousand for which a municipal judge is not provided;

(6) "Small claims" cases as provided in sections 482.300 through 482.365;

(7) In counties of less than seventy thousand inhabitants, when a circuit judge is absent from the county, cases that a circuit judge can hear in chambers;

(8) Such other cases that could be heard and determined by a magistrate judge without assignment as an acting circuit judge under provisions of law in effect on January 1, 1979, including but not limited to replevin, attachment and mechanic's lien actions where the recovery sought is less than five thousand dollars, actions for unlawful detainer authorized by chapter 534, RSMo, actions for rent and possession authorized by chapter 535, RSMo, and petitions for review of driver's license revocations and for hardship driving privileges; and

(9) Such other cases or classes of cases as may otherwise be specifically provided by law for associate circuit judges to hear and determine.

3. Each associate circuit judge within the county or the city of St. Louis for which he is an associate circuit judge may also hear and determine the following cases or classes of cases:

(1) Uncontested dissolution of marriage, legal separation or separate maintenance proceedings;

(2) Uncontested motions to modify decrees of dissolution of marriage, legal separation, separate maintenance, child custody and child support;

(3) Proceedings for change of name of a person;

(4) In counties of less than seventy thousand inhabitants, juvenile proceedings;

(5) Uncontested proceedings for the approval of settlement of suits involving claims by persons under eighteen years of age; and

(6) Uncontested actions involving the title to real estate.

4. An associate circuit judge shall not hear and determine cases other than those authorized by subsections 1, 2 and 3 of this section, except that associate circuit judges may hear and determine such cases or classes of cases which are transferred or assigned to them pursuant to section 478.-240 or 478.245 or section 6 of article V of the Constitution.

5. The provisions of this section authorizing the hearing and determination of particular cases or classes of cases by associate circuit judges shall be subject to the transfer, assignment, and disqualification provisions contained in article V of the constitution, in provisions of law, or in court rules which are authorized by the constitution or by law.

6. Associate circuit judges in addition to the cases enumerated in this section also may hear and determine within the county of their residence any other civil case if a written consent to such hearing and determination executed by all of the parties to the case, either personally or by counsel, is filed of record in the case. Such consent may be as to all proceedings with respect to the case or it may be limited to particular pretrial matters or other proceedings in the case.

7. In hearing and determining cases which are included within those classes of cases enumerated in subsections 3 and 6 of this section, associate circuit judges shall follow the procedure and practice which is regularly applicable before circuit judges, except that a record of such proceedings shall be preserved as provided in subsection 2 of section 512.180, RSMo, and such case records shall be filed with and be maintained by the circuit clerk in the same manner as cases regularly processed before and heard by circuit judges.

8. Cases which are included within those classes of cases enumerated in subdivisions (1) and (3) of subsection 2 of this section

shall be heard and determined by a resident associate circuit judge rather than by a circuit judge or an associate circuit judge of another county unless:

(1) The particular judge is disqualified from hearing the case pursuant to other provisions of law or supreme court rule;

(2) Another judge is transferred or assigned to hear and determine the case pursuant to section 478.240 or 478.245 or section 6 or article V of the Constitution;

(3) With respect to those cases enumerated in subdivision (1) of subsection 2 of this section another judge is assigned to hear the case because of the designation process provided in subsection 2 of section 478.250; or

(4) With respect to those cases enumerated in subsection 3 of this section, upon motion filed by any party to such a case within the time allowed for filing an application for disqualification or change of judge the case shall be heard and determined by a circuit judge, and such motion for the case to be heard and determined before a circuit judge shall not constitute an application for disqualification or change of judge so as to preclude such an application under any other statute or supreme court rule.

**478.240. Presiding judge, term authority to assign cases—chief justice of supreme court may remove presiding judge, designate acting judge**

1. The presiding judge of each circuit which is provided by subsection 3 of section 15 of article V of the constitution shall be selected for a two-year term. Selection procedures may be provided by supreme court rule. Selection and removal procedures, not inconsistent with the rules of the supreme court, may be provided by local court rule. If a presiding judge is disqualified from acting as a judicial officer pursuant to the constitution, article 5, section 24, the circuit judges and associate circuit judges of the circuit shall select a circuit judge as presiding judge. If the circuit does not have an eligible judge to be elected presiding judge, then the chief justice of the supreme court may designate an acting presiding judge until a successor is chosen or until the disability of the presiding judge terminates.

2. Subject to the authority of the supreme court and the chief justice under article V of the constitution, the presiding judge of the circuit shall have general administrative authority over all judicial personnel and court officials in the circuit, including the authority to assign any judicial or court personnel anywhere in the circuit, and shall have the authority to assign judges to hear such cases or classes of cases as the presiding judge may designate, and to assign judges to divisions. Such assignment authority shall include the authority to authorize particular associate circuit judges to hear and determine cases or classes of cases in addition to those authorized in section 478.225. By this subsection the presiding judge shall not, however, be authorized to make the following assignments:

(1) Assignment of a municipal judge to hear any case other than to initially hear a municipal ordinance violation case of the municipality which makes provision for such municipal judge;

(2) Assignment of a judge to hear the trial of a felony case when he has previously conducted the preliminary hearing in that case;

(3) Assignment of a case to a judge contrary to provisions of supreme court rules or local circuit court rules; and

(4) Assignment of a case or class of cases not within the class of cases specified in section 472.020, RSMo, to a circuit judge who is also judge of the probate division and who was on January 1, 1979, a probate judge shall only be with the consent of said judge of the probate division.

**478.245. Circuit courts may adopt local court rules—procedure—restrictions—role of associate circuit judges**

1. Subject to the provisions of article V of the constitution and authority exercised under such provisions, the circuit judges of the circuit may adopt local court rules which provide:

(1) Cases or classes of cases that may or shall be assigned to particular divisions of the circuit court;

(2) Filing (including the place of filing) and assignment systems for the circuit court of each county which may include: (a) centralized filing procedures for cases which are heard by circuit judges; (b) centralized assignment procedures or individualized docketing procedures for cases or classes of cases which are heard by circuit judges; and (c) filing and assignment procedures for cases which are heard by municipal judges.

2. Notwithstanding the provisions of subsection 1 of this section, no such local circuit court rule:

(1) Shall provide for assignments which a presiding judge is prohibited from making by subdivisions (1), (2) and (4) of subsection 2 of section 478.240 or which are contrary to provisions of supreme court rules;

(2) Shall provide for the maintenance of the permanent case records and judgments of the circuit court other than with the circuit clerk, except records with respect to probate cases, misdemeanor and municipal ordinance violation cases, records in felony cases before the filing of an information, and records in cases within the categories of cases specified in subdivisions (1), (2), and (6) of subsection 2 of section 478.225; and

(3) Shall provide for the filing of cases or the maintenance of the permanent records in cases which are heard by municipal judges outside of the municipality providing the municipal judge, except in those situations where there is a trial de novo or the municipality consents to such filing or maintenance of records.

3. Local circuit court rules shall be adopted by a majority of the circuit judges of the circuit after consultation with the associate circuit judges of the circuit. A copy of each circuit court rule certified by the presiding judge of the circuit shall be filed with the circuit clerk and the clerk of the supreme court, and shall not become effective until so filed. Each local circuit

court rule adopted prior to January 2, 1979, shall cease to be effective sixty days after that date if a copy thereof certified by the presiding judge of the circuit is not filed with the clerk of the supreme court during that period of time.

4. Subject to the provisions of article V of the constitution and authority exercised under such provisions, a majority of circuit and associate circuit judges of the circuit by order may provide for: (1) centralized filing or divisional filing of cases or classes of cases which are heard by associate circuit judges; and (2) centralized assignment procedures or individualized docketing procedures of cases or classes of cases which are heard by associate circuit judges. A copy of each such order certified by the residing judge of the circuit shall be filed with the circuit clerk and the clerk of the supreme court, and shall not become effective until so filed.

Appellant then proceeds to set forth the scenario surrounding the Twenty-First Circuit dispute. He asserts that Judge Corrigan's term as presiding judge of that circuit expired or terminated on December 31, 1984. He then states that selection procedure may be provided by Supreme Court Rule and/or by local court rule. The Twenty-First Judicial Circuit has adopted Local Rule 100.1.1, which reads:

**100.1.1  ELECTION**

(1) The Circuit and Associate Circuit Judges of the twenty-first Judicial Circuit shall elect by secret ballot a Circuit Judge from their number to serve as Presiding Judge of the Twenty-First Judicial Circuit for a term of two (2) years.

(2) The election of the Presiding Judge shall be in November of each even-numbered year with his term to begin the following January 1. Said election shall take place at a meeting of the Circuit and Associate Circuit Judges to be held in the conference room of the Court en banc in Clayton, Missouri. Other matters may be considered and acted upon at said meeting, but no other business need be transacted at said meeting. The minutes of said meeting

shall be taken by the Court Services Officer.

(3) Said election meeting shall be held at a time and date designated in a call for said meeting issued at least three (3) days in advance by the incumbent Presiding Judge and communicated by him promptly to each Judge entitled to vote for Presiding Judge for the Twenty-first Judicial Circuit. The incumbent Presiding Judge shall preside at said election in accordance with existing Circuit Court rules.

(4) At said election meeting each Circuit Judge and each Associate Circuit Judge shall be entitled to nominate one Circuit Judge for Presiding Judge of the Circuit. However, in order to be elected Presiding Judge of the Circuit any Circuit Judge nominated must receive the affirmative votes of a majority of the commissioned Circuit and Associate Circuit Judges.

(5) At the same meeting an Assistant Presiding Judge shall be elected in the same manner and for the same term as the Presiding Judge.

(6) A Presiding Associate Circuit Judge shall be elected as provided in Rule 63.100.

There was no election of a presiding judge of the Twenty-First Judicial Circuit in November, 1984, pursuant to Rule 100.-1.1. Appellant then concludes, therefore, that as of January 1, 1985, there was no presiding judge for that circuit. The election process was the center of the controversy discussed in *Gregory, supra.*

Appellant attempts to bolster his argument by first pointing out that the Honorable Stephen R. Pratt, Circuit Judge, was assigned to hear the *Gregory v. Corrigan* case. He then declared that Judge Pratt was not specifically granted powers to act as agent for the Missouri Supreme Court (which would have authorized Pratt to appoint a presiding judge), that the Supreme Court did not otherwise appoint a presiding judge, and that there existed no local rule providing for the appointment of a presiding judge pending the resolution of a rules dispute. Appellant further notes in yet an earlier case, *Matter of Twenty-First Judi-*

*cial Circuit, supra,* that the Missouri Supreme Court in fact ordered the Honorable William Corrigan to serve as acting presiding judge of the circuit until further order from the Supreme Court. Appellant concludes from that case that the Supreme Court failed to act in *Gregory,* and that the absence of such action evinced the intent of the Supreme Court not to appoint a presiding judge.

In *Gregory,* as noted by appellant, the Missouri Supreme Court held a local rule of the Twenty-First Judicial Circuit preventing associate circuit judges from voting for the presiding judges to be unconstitutional. From this, appellant concludes that any appointment of any judge not selected by the associate circuit judges is a nullity.

During the varied proceedings involving the rules dispute, Judge Pratt appointed Judge Corrigan to act as temporary presiding judge. Appellant contends such action by Judge Pratt exceeded his jurisdiction because said action was not within or contemplated by the Constitution, statutes, the Supreme Court Rules, or the local rules. Appellant adds a footnote to his argument, stating that he is not bound by the order of Judge Pratt because he was not a party to those proceedings.

In summary, appellant's contention is that on the day of his trial, there was no properly selected presiding judge for or within the Twenty-First Judicial Circuit, therefore the trial assignment of appellant's case to the trial judge herein, Associate Circuit Judge Joseph A. Goeke III, was a nullity. Thus, appellant concludes that his trial was a nullity disposing of no issues in said cause.

Appellant then finally declares that his having been tried by a judicial officer of limited jurisdiction who was without the authority or power to conduct his trial now runs the risk of double jeopardy in being tried again for the same criminal conduct.

While this appeal presents perhaps the most unique attack upon the jurisdiction of any Missouri tribunal in the history of the state, appellant's argument fails in light of the decision by the Missouri Supreme Court

in *Matter of Twenty-First Judicial Circuit, supra.* Appellant suggests an interruption or discontinuance of a presiding judge for the Twenty-First Circuit. From this, as noted above, appellant concludes there was an invalid assignment of his case and hence his trial was a nullity.

Appellant's conclusion, however, is confronted by direct and explicit language of the Missouri Supreme Court in *Matter of Twenty-First Circuit, supra.* In that case, at page 766, the Supreme Court declared the following:

> Judge William Corrigan is declared to be the duly elected presiding judge of the Twenty-First Judicial Circuit to serve for the balance of his elected two-year term or until otherwise removed in a matter consistent with this opinion.

Appellant's case was assigned to Division 34 and Associate Circuit Judge Joseph A. Goeke III. Not only does the court docket sheet confirm the assignment, but on the day of trial and upon the transcript, the following statement by Judge Goeke is found: "Therefore, on January the 8th, 1985, the case was assigned by presiding judge to Division 34."

There is nothing upon the record or within the decisions by the Missouri Supreme Court subsequent to the *Matter of Twenty-First Judicial Circuit, supra,* which reveals that by the date of appellant's trial setting (January 9, 1985), Presiding Judge William Corrigan had been removed. The result, of course, is that Judge Corrigan, under the previous Supreme Court ruling, was the authorized acting presiding judge of the Twenty-First Judicial Circuit.

While appellant asserts that Judge Pratt's order appointing Judge Corrigan was null and void, there is nothing, either upon this record or any of the Supreme Court decisions, on the question to even suggest, let alone establish, said appointment was a nullity.

Appellant's mere assertion that Judge Pratt exceeded his jurisdiction in the appointment of Judge Corrigan must fail in light of the Supreme Court's ruling in *Matter of Twenty-First Judicial Circuit, supra.* It cannot be said the Missouri Supreme Court was not aware of the matter and this awareness included the propriety of the appointment of Judge Corrigan by Judge Pratt. Had such appointment been a nullity, as appellant suggests, the Supreme Court would have declared the same as such and would have entered some other appropriate order. As the decision reveals, the Supreme Court precisely and with definitness declared Judge Corrigan to be the presiding judge until his term expired *"or until otherwise removed in a manner consistent with this opinion"*. No such "removal" occurred prior to appellant's case being assigned to Judge Goeke.

Respondent additionally suggests arguendo that if Judge Pratt's order was void, the trial judge, Judge Goeke, retained power to act *de facto* if not *de jure.*

There is no need, for purposes herein, to discuss that suggestion because of the decision by the Missouri Supreme Court in *Matter of Twenty-First Judicial Circuit, supra,* and upon a showing that Judge Corrigan was still the presiding judge on January 8, 1985, the date this case was assigned to Judge Goeke.

There is no merit to appellant's contention that the assignment of this cause was a nullity and that Judge Goeke lacked jurisdiction to act as trial judge.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.